## POTTER MANUFACTURING CORPORATION v. BEMIDJI LUTHERAN HOSPITAL.[1]

January 20, 1933.

No. 29,145.

[1] Reported in 246 N. W. 470.

*C. M. Ascham* and *Henry Funkley,* for appellant.

*F. J. McPartlin,* for respondent.

LORING, JUSTICE.

In a suit upon two promissory notes given as part of the purchase price of fire escapes installed upon the defendant's hospital in Bemidji, plaintiff had a verdict for the full amount of the notes. The defendant has appealed from the order denying its motion for a new trial.

September 11, 1928, the defendant entered into a contract with the plaintiff by which plaintiff was to sell to the defendant and install upon its hospital at Bemidji two fire escapes. These fire escapes were tubular in character and described with some particularity in the order. The installation was completed in October, and the purchase price was paid partly in cash and partly by giving the two notes sued upon. January 28, 1929, the hospital building was totally destroyed by fire, and it was the claim of the defendant that the fire escapes for which the notes were given did not work satisfactorily or in compliance with the warranty that they were suitable for the purpose for which they were made and installed. Evidence was introduced by the defendant showing that in some cases the mattresses on which the patients were placed stuck to the fire escape and there was great difficulty in rescuing the patients. On the other hand, the testimony on the part of the plaintiff tends to show that the fire escapes were properly made and installed and

that they worked satisfactorily at the time they were completed and turned over to the defendant. The evidence thus presented a question of fact as to the condition and suitability of the fire escapes at the time they were completely installed. The defendant claims that because there was some unsatisfactory operation of the escapes several months after they were installed the inference is irresistible that they were defective when they were installed upon the defendant's building. There is some evidence in the record which indicates that the cause of the unsatisfactory operation at the time of the fire may have been dampness on the mattresses or clothing of those using the escapes. The temperature was then 30 degrees below zero. The escapes were made of metal and exposed to this very low temperature. Freezing of damp mattresses or clothing to the fire escapes would be naturally expected under such circumstances. There might also be some difficulty due to failure on the part of the defendant to keep the tubes clean. At any rate, all of this testimony served only to form an issue of fact upon the condition and suitableness of the tubes when installed. The jury has found in favor of the plaintiff, and the verdict is supported by positive testimony that the tubes worked perfectly under actual trial. We cannot disturb such a verdict.

The defendant has taken numerous exceptions to the charge of the court and contends that the question that should have been submitted to the jury was whether or not defects which it claims existed at the time of the fire dated back to the installation, and asserts that the court's charge to the jury failed completely to bring this question before them. The defendant pleaded breach of warranty, and it was incumbent upon it to show that the warranty was broken. We have carefully examined the trial court's charge and find that it fairly submitted the issues made by the pleadings and evidence, and we discover no request to charge on the part of the defendant upon the point about which it now makes its principal complaint. We do not think that the jury could possibly have been misled, and we find that the case was submitted on the theory which the defendant sought to plead and prove. It would serve no

useful purpose to discuss in detail the lengthy exceptions to the charge. Upon the theory on which the case was at issue and tried, we think that G. S. 1923 (2 Mason, 1927) § 8423, was applicable and that the court properly instructed the jury in accordance therewith.

We discover no prejudicial conduct on the part of court or counsel in the conduct or submission of the case. We see in this record no departure from the court's usual fairness in the treatment of the parties before it.

The order appealed from is affirmed.

OLSEN, JUSTICE, took no part.

